Local Form 3015-1
REVISED 09/2025

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**EDWIN DWIGHT REED**

Case No.
CHAPTER 13 PLAN ☐ Modified
Dated **November 10, 2026**

Debtor.
*In a joint case, "debtor" means "debtors" in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: The debtor must check the appropriate boxes below to indicate whether the plan does or does not include each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 6 or 14 | ☐ Included | ■ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 14<br>**IDENTIFY ALL AFFECTED SECURITY INTEREST HOLDERS OR LIENHOLDERS:** | ☐ Included | ■ Not included |
| 1.3 | Nonstandard provisions, set out in Part 15 | ■ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1 As of the date of this plan, the debtor has paid the trustee $__ (including balance on hand of $ **0** ).

2.2 After the date of this plan, the debtor will pay the trustee $**45,000.00**.

| Plan payment | Start MM/YYYY | End MM/YYYY | # of payments | Total |
|---|---|---|---|---|
| **$750.00** | **12/2026** | **11/2031** | **60** | **$45,000.00** |
| | | | PART 2.2 SUBTOTAL: | **$45,000.00** |

2.3 The minimum plan length is ■ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed unsecured claims are paid in a shorter time.
2.4 The debtor will also pay the trustee **0.00** .
2.5 The debtor will pay the trustee a total of $ **45,000.00** [lines 2.1 + 2.2 + 2.4].
2.6 If the debtor is required to file a tax return under applicable nonbankruptcy law, the debtor will file with appropriate tax authorities all returns and provide the trustee a copy of each filed return within 14 days of filing. The debtor will treat tax refunds as follows: _____.

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 6 and 7 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $ **4,500.00** [line 2.5 x .10]. If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments by the trustee as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]:** The debtor assumes the following executory contracts or unexpired leases. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 5.

| | Creditor | Description of Property |
|---|---|---|
| | **-NONE-** | |

**Part 5. MAINTENANCE OF PAYMENTS AND CURE OF DEFAULT, IF ANY (§ 1322(b)(5)):** The debtor will maintain the current contractual

Local Form 3015-1
REVISED 09/2025

installment payments on the claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid directly by the debtor unless otherwise specified below. The trustee will pay the arrearage amount listed in the proof of claim at the interest rate specified below, unless otherwise ordered by the court. The creditors will retain liens. All following entries are estimates, except for interest rate.

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of pay-ment s | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.**1** | **AFFINITY PLUS FEDERAL CREDIT UNION** | **2008 LAND ROVER RANGE ROVER 160,000+ miles VIN: SALMF1545 8A276609** | **0.00** | **0.00** | | **0.00** | **0** | | **$** | **$0.00** |

| Current installment payment | Disbursed by: | | Remaining trustee installment payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
|---|---|---|---|---|---|
| **0.00** | ■ Debtor<br>☐ Trustee | | **$** | **$** | **$0.00** |

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of pay-ment s | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.**2** | **PENNY MAC LOAN SERVICES LLC** | **2720 JAMES AVE N Minneapolis, MN 55411 Hennepin County LEGALY DESCRIBED AS: LOT 9, BLOCK 2, MILLER'S SUBDIVISION OF LOT "F" BABBITT'S OUTLOTS TO MINNEAPOLIS, HENNEPIN COUNTY, MINNESOTA. PID: 09-029-24-34-0043** | **35,000.00** | **0.00** | | **660.38** | **53** | | **$** | **$35,000.00** |

| Current installment payment | Disbursed by: | | Remaining trustee installment payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
|---|---|---|---|---|---|
| **0.00** | ■ Debtor<br>☐ Trustee | | **$** | **$** | **$0.00** |

Local Form 3015-1
REVISED 09/2025

TOTAL: **$35,000.00**

**Part 6. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)):** The trustee will pay the amount set forth in the "Total payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, if the plan has been served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim, unless otherwise ordered by the court. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with Fed. R. Bankr. P. 3012(c) controls over any contrary amount. Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12.

| | Creditor | Est. claim amount | Secured claim amount | Int. rate | Adq. Pro. (Check) | Begin-ning in MM/YY | Monthly payment | # of payments | Remaining payments | *+amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | ☐ | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | TOTAL: | **$0.00** |

**Part 7. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim, unless otherwise ordered by the court, at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12. **All following entries are estimates, except for interest rate.** Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

| | Creditor | Est. secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | ☐ | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | TOTAL: | **$0.00** |

**Part 8. PRIORITY CLAIMS UNDER § 507(a)(2) THROUGH (a)(10):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| **8.1** | **Attorney Fees** | **$3,500.00** | | **$583.33** | **6** | **$** | **$** | **$3,500.00** |
| **8.2** | **INTERNAL REVENUE SERVICE** | **$0.00** | | **$0.00** | **0** | **$** | **$** | **$0.00** |
| **8.3** | **MINNESOTA DEPT OF REV** | **$0.00** | | **$0.00** | **0** | **$** | **$** | **$0.00** |
| | | | | | | | TOTAL | **$3,500.00** |

**Part 9. DOMESTIC SUPPORT OBLIGATION CLAIMS UNDER § 507(a)(1):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|

Local Form 3015-1
REVISED 09/2025

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| | **-NONE-** | | | | | | | |
| | | | | | | | TOTAL | **$0.00** |

**Part 10. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the classes of unsecured claims specified in Part 11 and Part 12, there shall be separate classes of nonpriority unsecured claims including the following. The trustee will pay the nonpriority amount. listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates, except for interest rate.**

| | Creditor | Unsecured claim amount | Interest rate (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| | **-NONE-** | | | | | | | | |
| | | | | | | | | TOTAL | **$0.00** |

**Part 11. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed nonpriority unsecured claims for which proofs of claim were timely filed the remaining funds received by the trustee and not paid under Parts 3, 5, 6, 7, 8, 9, and 10 on a pro rata basis. **All following entries are estimates.**

| | |
|---|---|
| Estimated nonpriority unsecured claims held by creditors listed in Parts 6, 7, and 14 | **$0.00** |
| + Total estimated nonpriority and not separately classified unsecured claims (excludes Parts 6, 7, 10, and 14 unsecured claims) | **$12,975.75** |
| = Total estimated nonpriority and not separately classified unsecured claims (excludes Part 10 claims) | **$12,975.75** |
| Projected percentage payment to unsecured claims (excludes Part 10 claims) | **15.00** |

| | |
|---|---|
| Estimated remaining payments | **$2,000.00** |
| *+ amount paid to date by trustee (mod. plan only)* | |
| = TOTAL estimated payments | **$2,000.00** |

**Part 12. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 5, 6, 7, 8, 9, 10, and 11, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily-filed claims remain subject to objection pursuant to 11 U.S.C. § 502(b)(9).

**Part 13. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under 11 U.S.C §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of property *(including complete legal description of real property)* |
|---|---|---|
| | **-NONE-** | |

**Part 14. LIEN AVOIDANCE:** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). If the plan has been properly served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan, unless otherwise ordered by the court. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 11 or Part 12, to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the Part 6 or Part 7. See 11 U.S.C. § 522(f) and Fed. R. Bankr. P. 3012(b) and 4003(d). *Insert additional tables for each lien.*

| **Information regarding judicial lien or security interest** | | **Calculation of lien avoidance** | | **Extent of exemption impairment (check one)** |
|---|---|---|---|---|
| Creditor: | **-NONE-** | a. Amount of lien | | Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): $ |
| Collateral: | | b. Amount of all other liens | | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | | c. Value of claimed exemptions | | Line f is less than line a. A portion of the lien is avoided. The amount of secured claim after avoidance (line a minus line f): $. The amount of the unsecured claim is (line f): $. |
| | | d. Total of adding lines a, b, and c | | |
| | | e. Value of debtor's interest | | |
| | | f. Subtract line e from line d. | | |

Local Form 3015-1
REVISED 09/2025

**Part 15. NONSTANDARD PROVISIONS:** The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in Fed. R. Bankr. P. 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.

| | |
|---|---|
| **15.1** | **Approval by the Court or the Chapter 13 Trustee shall not be required prior to the debtor incurring consumer debt while this case is pending, but the holder of a claim against the debtor based upon such debt is subject to §1305.**<br><br>**TAX REFUNDS PROVISION: The debtor(s) shall send the Trustee each year during the Chapter 13 Plan copies of the federal and state income tax returns at the time they are filed. The debtor(s) shall also promptly report to the Trustee the receipt of any state and federal tax refunds for the duration of this Chapter 13 case. Individual debtors shall be entitled to retain the first $1,200 of refunds and joint debtors shall be entitled to retain the first $2,000 of refunds plus any earned income credit (EIC) plus any Minnesota Working Family credit. Any remaining amounts shall be turned over to the Chapter 13 plan as additional plan payment.**<br><br>**2nd MORTGAGE PROVISION - _________________: The Debtors' principal residence located at and legally described as , County, Minnesota (hereinafter "the Property"), is encumbered by a first mortgage in favor of with a balance as of the date of filing of this petition of $ , and a second mortgage in favor of (hereinafter "the second-mortgage holder") with a balance as of the date of filing of this petition of $ . The appraised fair market value of the Property was $ . Claims filed by or on behalf of the second-mortgage holder are included in the unsecured non-priority class of claims described in paragraph 11b, supra., notwithstanding the second mortgage in favor of the second-mortgage holder encumbering the Property. Debtors will cause to be filed a Motion to Value the Claim of the second-mortgage holder to be heard concurrent with the hearing to confirm this plan, which will seek to have the claim of the second-mortgage holder classified, treated, and considered as wholly unsecured pursuant to 11 U.S.C. § 506(a) for purposes of administration of this Chapter 13 plan. Upon completion of all payments by the Debtors due to the Trustee under this Plan or any modified Plan, the Debtors may request supplemental relief as specified in Local Rule 3012-1.**<br><br>**EMPLOYMENT BONUS PROVISION: The debtor(s) shall provide the trustee with copies of any pay stubs that reflect a bonus. Debtor(s) shall turnover net bonuses to the trustee within 10 days of receipt.** |

**SUMMARY OF TOTAL ESTIMATED PAYMENTS:**

| Class of payment | | Total payments |
|---|---|---|
| Payments by trustee [Part 3] | $ | **4,500.00** |
| Maintenance of payments and cure of default, if any [Part 5] | $ | **35,000.00** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 6] | $ | **0.00** |
| Secured claims excluded from § 506 [Part 7] | $ | **0.00** |
| Priority claims [Part 8] | $ | **3,500.00** |
| Domestic support obligation claims [Part 9] | $ | **0.00** |
| Separate classes of unsecured claims [Part 10] | $ | **0.00** |
| Timely filed unsecured claims [Part 11] | $ | **2,000.00** |
| TOTAL (must equal line 2.5) | $ | **45,000.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 15.

Signed: **/s/ Elaine D. Wise**
**Elaine D. Wise 0387871**
Attorney for debtor

Signed: **/s/ EDWIN DWIGHT REED**
**EDWIN DWIGHT REED**
Debtor 1

Signed: ______________________
Debtor 2 (if joint case)

Local Form 3015-1
REVISED 09/2025

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**EDWIN DWIGHT REED**

Case No.
CHAPTER 13 PLAN ☐ Modified
Dated **November 10, 2026**

Debtor.
_In a joint case, "debtor" means "debtors" in this plan._

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: The debtor must check the appropriate boxes below to indicate whether the plan does or does not include each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 6 or 14 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 14<br>**IDENTIFY ALL AFFECTED SECURITY INTEREST HOLDERS OR LIENHOLDERS:**<br>**LVNV FUNDING, LLC**<br>**CROWN ASSET MANAGEMENT, LLC**<br>**MIDLAND FUNDING, LLC** | ☑ Included | ☐ Not included |
| 1.3 | Nonstandard provisions, set out in Part 15 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1 As of the date of this plan, the debtor has paid the trustee $__ (including balance on hand of $ **0** ).
2.2 After the date of this plan, the debtor will pay the trustee $**45,000.00**.

| Plan payment | Start MM/YYYY | End MM/YYYY | # of payments | Total |
|---|---|---|---|---|
| **$750.00** | **12/2026** | **11/2031** | **60** | **$45,000.00** |
| | | | PART 2.2 SUBTOTAL: | **$45,000.00** |

2.3 The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed unsecured claims are paid in a shorter time.
2.4 The debtor will also pay the trustee **0.00** .
2.5 The debtor will pay the trustee a total of $ **45,000.00** [lines 2.1 + 2.2 + 2.4].
2.6 If the debtor is required to file a tax return under applicable nonbankruptcy law, the debtor will file with appropriate tax authorities all returns and provide the trustee a copy of each filed return within 14 days of filing. The debtor will treat tax refunds as follows: **Individual debtors shall be entitled to retain the first $1,200 of refunds and joint debtors shall be entitled to retain the first $2,000 of refunds plus any earned income credit (EIC) plus any Minnesota Working Family credit. Any remaining amounts shall be turned over to the Chapter 13 plan as additional plan payment.**

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 6 and 7 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $ **4,500.00** [line 2.5 x .10]. If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments by the trustee as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]:** NONE.

**Part 5. MAINTENANCE OF PAYMENTS AND CURE OF DEFAULT, IF ANY (§ 1322(b)(5)):** The debtor will maintain the current contractual installment payments on the claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid directly by the debtor unless otherwise specified below. The trustee will pay the arrearage amount listed in the proof of claim at the interest rate specified below, unless otherwise ordered by the court. The creditors will retain liens. All following entries are estimates, except for interest rate.

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears | Beginning in MM/YY | Monthly payment | # of pay-ment | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|

Local Form 3015-1
REVISED 09/2025

| | | | | (if any) | | | s | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **5.1** | **AFFINITY PLUS FCU** | **2008 LAND ROVER RANGE ROVER** | **0.00** | **0.00** | | **0.00** | **0** | | **$** | **$0.00** |
| | | | Current installment payment | | Disbursed by: | | Remaining trustee installment payments | | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | **297.19** | | ☑ Debtor ☐ Trustee | | **$** | | **$** | **$0.00** |

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of pay-ment s | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| **5.2** | **PENNY MAC LOAN SERVICES LLC** | **2720 JAMES AVE N Minneapolis MN 55411** | **35,000.00** | **0.00** | | **660.38** | **53** | | **$** | **$35,000.00** |
| | | | Current installment payment | | Disbursed by: | | Remaining trustee installment payments | | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | **2,201.30** | | ☑ Debtor ☐ Trustee | | **$** | | **$** | **$0.00** |

TOTAL: **$35,000.00**

**Part 6. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)):** NONE.

**Part 7. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value):** NONE.

**Part 8. PRIORITY CLAIMS UNDER § 507(a)(2) THROUGH (a)(10):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | + *amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| **8.1** | **Attorney Fees** | **$3,500.00** | | **$583.33** | **6** | **$** | **$** | **$3,500.00** |
| **8.2** | **IRS** | **$0.00** | | **$0.00** | **0** | **$** | **$** | **$0.00** |
| **8.3** | **MN DEPT OF REV** | **$0.00** | | **$0.00** | **0** | **$** | **$** | **$0.00** |
| | | | | | | | TOTAL | **$3,500.00** |

**Part 9. DOMESTIC SUPPORT OBLIGATION CLAIMS UNDER § 507(a)(1):** NONE.

**Part 10. SEPARATE CLASSES OF UNSECURED CLAIMS:** NONE.

**Part 11. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed nonpriority unsecured claims for which proofs of claim were timely filed the remaining funds received by the trustee and not paid under Parts 3, 5, 6, 7, 8, 9, and 10 on a pro rata basis. **All following entries are estimates.**

| | |
|---|---|
| Estimated nonpriority unsecured claims held by creditors listed in Parts 6, 7, and 14 | **$0.00** |
| + Total estimated nonpriority and not separately classified unsecured claims (excludes Parts 6, 7, 10, and 14 unsecured claims) | **$12,974.75** |
| = Total estimated nonpriority and not separately classified unsecured claims (excludes Part 10 claims) | **$12,974.75** |
| Projected percentage payment to unsecured claims (excludes Part 10 claims) | **15.00** |

| | |
|---|---|
| Estimated remaining payments | **$2,000.00** |
| + *amount paid to date by trustee (mod. plan only)* | |
| = TOTAL estimated payments | **$2,000.00** |

**Part 12. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 5, 6, 7, 8, 9, 10, and 11, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.

Local Form 3015-1
REVISED 09/2025
Tardily-filed claims remain subject to objection pursuant to 11 U.S.C. § 502(b)(9).

**Part 13. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** NONE.

**Part 14. LIEN AVOIDANCE:** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). If the plan has been properly served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan, unless otherwise ordered by the court. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 11 or Part 12, to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the Part 6 or Part 7. See 11 U.S.C. § 522(f) and Fed. R. Bankr. P. 3012(b) and 4003(d). *Insert additional tables for each lien.*

| **Information regarding judicial lien or security interest** | | **Calculation of lien avoidance** | | **Extent of exemption impairment (check one)** |
|---|---|---|---|---|
| Creditor: | **LVNV FUNDING** | a. Amount of lien | **$631.68** | Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): $**631.68** |
| Collateral: | LOT 9, BLOCK 2, MILLER'S SUBDIVISION OF LOT "F" BABBITT'S OUTLOTS TO MINNEAPOLIS, HENNEPIN COUNTY, MINNESOTA. PID: 09-029-24-34-0043 | b. Amount of all other liens | **$227,308.15** | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | 27-CV-21524 ENTERED ON 9/30/2026 | c. Value of claimed exemptions | **$131,691.85** | Line f is less than line a. A portion of the lien is avoided. The amount of secured claim after avoidance (line a minus line f): $. The amount of the unsecured claim is (line f): $. |
| | | d. Total of adding lines a, b, and c | **$359,631.85** | |
| | | e. Value of debtor's interest | **$131,691.85** | |
| | | f. Subtract line e from line d. | **$227,308.15** | |

| **Information regarding judicial lien or security interest** | | **Calculation of lien avoidance** | | **Extent of exemption impairment (check one)** |
|---|---|---|---|---|
| Creditor: | **CROWN ASSET MANAGEMENT** | a. Amount of lien | **$1,301.11** | Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): $**1,301.11** |
| Collateral: | LOT 9, BLOCK 2, MILLER'S SUBDIVISION OF LOT "F" BABBITT'S OUTLOTS TO MINNEAPOLIS, HENNEPIN COUNTY, MINNESOTA. PID: 09-029-24-34-0043 | b. Amount of all other liens | **$227,308.15** | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | 27-CV-24-14035 | c. Value of claimed exemptions | **$131,691.85** | Line f is less than line a. A portion of the lien is avoided. The amount of secured claim after avoidance (line a minus line f): $. The amount of the unsecured claim is (line f): $. |
| | | d. Total of adding lines a, b, and c | **$360,301.11** | |
| | | e. Value of debtor's interest | **$131,691.85** | |
| | | f. Subtract line e from line d. | **$227,308.15** | |

| **Information regarding judicial lien or security interest** | | **Calculation of lien avoidance** | | **Extent of exemption impairment (check one)** |
|---|---|---|---|---|
| Creditor: | **MIDLAND CREDIT MANAGMENT** | a. Amount of lien | **$776.87** | Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): $**776.87** |
| Collateral: | LOT 9, BLOCK 2, MILLER'S SUBDIVISION OF LOT "F" BABBITT'S OUTLOTS TO MINNEAPOLIS, HENNEPIN COUNTY, MINNESOTA. PID: 09-029-24-34-0043 | b. Amount of all other liens | **$227,308.15** | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | 27-CV-17-17387 | c. Value of claimed exemptions | **$131,691.85** | Line f is less than line a. A portion of the lien is avoided. The amount of secured claim after avoidance (line a minus line f): $. The amount of the unsecured claim is (line f): $. |
| | | d. Total of adding lines a, b, and c | **$359,776.87** | |
| | | e. Value of debtor's interest | **$131,691.85** | |
| | | f. Subtract line e from line d. | **$227,308.15** | |

Local Form 3015-1
REVISED 09/2025

**Part 15. NONSTANDARD PROVISIONS:** The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in Fed. R. Bankr. P. 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.

| | |
|---|---|
| **15.1** | **Approval by the Court or the Chapter 13 Trustee shall not be required prior to the debtor incurring consumer debt while this case is pending, but the holder of a claim against the debtor based upon such debt is subject to §1305.**<br><br>**PENNY MAC MORTGAGE: Debtor's first mortgage servicer and Debtor are allowed to communicate with each other in an attempt to modify the debtor's home loan. This chapter 13 plan is the requested "notice" to PENNY MAC MORTGAGE requesting that the debtor be considered for a modification or any other available loan workout option. Any agreed upon modification does not require court approval, or approval of the trustee. The confirmed plan will serve as the "court order" sought by the loan servicer for any modification. Upon modification, the debtor will make direct payments to PENNY MAC MORTGAGE.** |

**SUMMARY OF TOTAL ESTIMATED PAYMENTS:**

| Class of payment | | Total payments |
|---|---|---|
| Payments by trustee [Part 3] | $ | **4,500.00** |
| Maintenance of payments and cure of default, if any [Part 5] | $ | **35,000.00** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 6] | $ | **0.00** |
| Secured claims excluded from § 506 [Part 7] | $ | **0.00** |
| Priority claims [Part 8] | $ | **3,500.00** |
| Domestic support obligation claims [Part 9] | $ | **0.00** |
| Separate classes of unsecured claims [Part 10] | $ | **0.00** |
| Timely filed unsecured claims [Part 11] | $ | **2,000.00** |
| TOTAL (must equal line 2.5) | $ | **45,000.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 15.

Signed: **/s/ Elaine D. Wise**
**Elaine D. Wise 0387871**
Attorney for debtor

Signed: **/s/ EDWIN DWIGHT REED**
**EDWIN DWIGHT REED**
Debtor 1

Signed: ____________________
Debtor 2 (if joint case)